Chief Justice Robertson
delivered the Opinion of the Court.
Samuel Bell, holding an undivided fourth part of g tract of lan-', on which Archibald Cameron was'living, under an adverse claim, sold and conveyed his interest to Cameron, for one/hundred and fifty dollars; one' third of which was paid at the date of the contract, and for the residue, Cameron gave his promissory note.
On that note Thomas C. Chiles, as assignee of Bell, sued Cameron ; but was defeated, on the, ground that, as the jury believed from the proof on the trial, the hundred dollars were not, by the terms of the agreement, to be paid, unless Bell had, prior to his sale to Cameron, cancelled a previous sale of the same interest in the land to Lynch and Haslet, and that there had been no such cancelment of that contract.
Bell and Chiles then filed a bill in chancery against Cameron, for a restitution of the title which Bell had conveyed to him, or for other appropriate relief, for the benefit of Chiles, to whom, as the bill alleged, Bell had transferred all his equity.
Cameron resisted a decree, in any shape, against him; and shewed that he had, since the date of his purchase from Bell, obtained a transfer.from Lynch, of his interest under the contract between Bell and himself and Haslet.
On the hearing, the circuit court decreed, that Cameron should convey to Chiles, all the interest which he had acquired by'the conveyance from Bell, whenever the fifty dollars which he had paid to Bell, should be refunded, with the accruing interest.
Cameron now claims a reversal of that .decree.
We are unable to perceive any sufficient ground for the decree. •
*329 if, as Cameron alleges, and as the jury must have decided, and as we would be inclined, without such decision, to infer from the record, imperfectly and obscurely as it exhibits the facts, Bell was to have only the fifty dollars, unless he had rescinded his contract with Lynch and Haslet, and he had not rescinded it, — then Cameron had a right to hold the interest conveyed by Bell, without making any other payment, and had to look to Lynch and Haslet for a perfection of his title by a sale of their equitable interest.
But, even if such had not been the contract, and if the jury found an unjust and erroneous verdict in favor of Cameron, such a circumstance could not entitle Bell, or iiis assignee, to a reconveyance from Cameron, or to any other relief inequity'. If Bell had á right’to the hundred, dollars, and Cameron unjustly withheld payment, or improperly defeated the action on his note, still, even that did not entitle Bell to a rescission of an executed agreement, or to a reconveyance. His only remedy was a reversal of the erroneous or unjust judgment, exonerating Cameron. As long as that judgment remains unreversed, it must, however, be deemed right and just.
The complaint is, that Cameron improperly avoided his note for the hundred dollars. ■ This we are not allowed to presume; and there is no proof sustaining the allegation. But, were it admitted, that he ought to pay the hundred dollars, the concession would furnish no ground for a decree for a rescission of the contract of sale, or for a reconveyance, or for any other relief in equity. If Cameron is liable for more than he has paid, let that liability be enforced. If he is not so liable, it is because be has paid all that, by his contract, he ought to have paid.
The proper tribunal has decided, that he was not liable for more than he had paid, and the chancellor cannot revise that decision. That decision cannot be deemed a virtual rescission of the contract, or as furnishing, per se, any cause for a rescission.
Wherefore, the decree must be reversed, and the cause remanded, with instructions to dismiss the bill.